## Hogan *against* Bear.

The altercations and admissions of a party before a justice, are to be taken subject to his allegations in evidence of the claim. Hence an acknowledgement that a debt is just, but that another ought to pay it, accompanied by a plea of the statute of limitations, will not take the case out of the statute.

ERROR to the common pleas of *Dauphin* county.

This was an action of *assumpsit* by John Bear against Richard Hogan, which was brought into court by appeal. When the cause was before the justice, it was proved that the defendant said " the debt was just but Burns ought to pay it, and that he ought not to pay it," and pleaded the statute of limitations. Upon the trial in the court below it was referred to the jury to decide whether the acknowledgement was such as to take the case out of the statute, and the jury found a verdict for the plaintiff.

The plaintiff in error assigned the following errors:

1. The court erred in leaving the acknowledgement given in evidence in this cause to the jury from which to presume a promise to pay. For all such acknowledgements, when they are plain and not ambiguous, are matters of law for the court, and the party to be charged has a right to an explicit direction from the court on the law to the jury.

2. That the court should have charged the jury in this case that the acknowledgement was qualified and would not justify them in presuming a promise to pay under all the evidence in the cause.

3. The court erred in separating the declarations, admissions and conversations of the defendant with the plaintiff, by directing them to decide whether the expression that the debt ought to be paid by Burns, and therefore he pleaded the limitation, was not an afterthought, he should have expressly directed them that all the admissions and conversations should be taken together, and that they would not take the debt out of the statute.

*Fisher*, for plaintiff in error, cited Church *v.* Feterow, 2 *Penns. Rep.* 306.

*Herman Alricks*, contra.

The opinion of the Court was delivered by

GIBSON, C. J.—The altercation of parties at a hearing, is the oral pleading which we are told originally obtained in the courts of common law; and admissions before a summary tribunal are, therefore, to be handled in a manner adapted to the qualities derived by them

[Hogan v. Bear.]

from the occasion. The issue is not to be considered as having been made up before the disputation was exhausted; and it must be a strange rule of pleading that would preclude a party who had admitted the truth of an averment, from alleging something in turn to avoid its effect. At the time of the defendant's admission, it is evident he had not settled, in his mind, the shape and quality of his defence, or whether he had a defence at all; and when he tendered his plea at last, it was in strict consistence with his previous concession. It is by a party's conclusions, and not by the balancings of his mind, that he is to be affected; and this is not peculiar to the position of parties litigant. Why is it that all things said at the time of a confession must be received? Evidently that they may be weighed together in order to prevent the jury, as far as it is practicable, from doing what was suggested to them here—seizing on a detached expression, and deciding on it exclusively. Juries are, at best, sufficiently predisposed to treat a defence on the statute of limitations with rigour, and if they were permitted to dissever words of acknowledgement from words of qualification in the same colloquium, the statute would be of but little avail. The argument is, that a promise to pay arises, by instant operation of law, from the acknowledgement of a precedent debt; and, in theory, there would always be an imaginable interval for its admittance betwixt the acknowledgement and any saving or protestation that had followed it. Indeed the imputed consequence could be precluded but by prefacing the acknowledgement with an emphatic denial of payment; at least, there would be enough in the absence of it to furnish a pretext to a willing jury. But it is a rule that preliminary suggestions, or stipulations, are merged in the final conclusion; and why may not even an express promise be retracted before the consummation is reached, as well where the consideration of it is a past one, as where it is prospective? There is no magic in the act of utterance; nor any reason why an inadvertent word should be less revocable in the one case than in the other. A promise, to bind the party, ought to be alike, in every case, his deliberate act; and policy requires that a jury be suffered in no case to conjecture whether words of acknowledgement and words of qualification, in the same discourse, proceeded from different acts of the mind.

Judgment reversed, and a *venire facias de novo* awarded.