## Allison *against* James.

An acknowledgment of a subsisting debt, to take a case out of the operation of the act of limitations, should be clear, plain, unambiguous and express; and a jury should not be permitted to conjecture, whether words of acknowledgment and of qualification in the same discourse, proceeded from different acts of the mind.

ERROR to the common pleas of *Centre* county.

This was an action of assumpsit, founded upon a book account by James James against James Allison. The defendant pleaded *non assumpsit infra sex annos,* to avoid which the plaintiff called a witness who said:

" I was present before the justice at the trial; this account was presented and admitted. It was read to him and he made no objection to it. Items read; amount 22 dollars and 37 cents. He did not say this account was settled and paid long ago. He did not say any thing; several attempts to settle before we went before the justice; did not object to it; I do not know he ever said he would pay the account; I do not know he ever said it was due and he would pay it. There was some objection to part of the partnership account; objected to 40 dollars in the partnership account. He did not tell me this account was settled and paid long before any transactions between him and James & Pennington; I do not know the account paid. There is corn credited in the store books of James & Pennington. I lived with James; I do not recollect of his getting wheat or beef."

The court below submitted the evidence to the jury, with the direction, that they should determine whether it was such an acknowledgment as took the case out of the act of limitation. And they found a verdict for the plaintiff.

*M'Allister,* for plaintiff in error, cited 1 *Peters* 362; 6 *Watts* 220; 2 *Watts* 167.

*Hale, contra,* cited 4 *Pick.* 112; 2 *Pick.* 375.

The opinion of the court was delivered by

Rogers, J.—An unqualified promise to pay a debt, takes it out of the act of limitations. So the acknowledgment of a debt, consistent with a promise to pay, has been repeatedly held to produce the same effect. But the latter must be an express acknowledgment of a subsisting debt. The fact of acknowledgment must

[Allison v. James.]

not be left to conjecture. And this is the clear result of the principle ruled in Hager *v.* Bear, reported in 5 *Watts* 111. A promise, as is there said, to bind the party, ought to be alike, in every case his deliberate act, and policy requires, that a jury be suffered in no case to conjecture whether words of acknowledgment, and words of qualification, in the same discourse, proceeded from different acts of the mind. When it is sought to avoid the operation of the act by the admission of the party at the trial, before the justice, every word should be scanned with the most scrutinizing severity; otherwise a person may be readily entrapped by an artful adversary, and words, in adaptation to the occasion, may be employed for a different purpose, and used in a different sense from what they were intended. This suit was originally brought to recover the debt, before a justice, and on the hearing a joint account of Allison, the defendant, with James & Pennington, was the principal matter in dispute. The present item was also before the justice. An appeal was had from the decision of the justice, and on the trial, the court excluded the joint account, and the suit is now proceeding to recover the separate account of Allison, the defendant, with the plaintiff James. To this claim, the defendant pleads the act of limitations, and in answer to the plea, the plaintiff relies on the evidence of James J. Rogers. Rogers, who was the client of James, testifies that he was present, before the justice at the trial. This account was presented and admitted. It was read to him, and he made no objection. The latter sentence explains the former, and conclusively shows, that the admission of what the witness speaks, was an inference deduced by him, from the fact that when the accounts were presented, he made no express objection to this item. And this is clear, from the cross-examination. The witness says the defendant said nothing. He did not object to the account. Does not recollect he said he would pay the account. There was objection to the forty dollar part of the partnership account. The case amounts to this. Because the defendant objected only to part of a partnership account when presented on the trial before the justice, the jury on the appeal have been permitted to infer that the separate account which was also before the justice, and to which the attention of the party may not have been drawn, was admitted. The jury have decided, as they always in a doubtful case will do, that this amounts to an acknowledgment of the debt. But in this decision, which was in accordance with the direction of the court, there was error. An acknowledgment in all cases, and more especially in such a case as this, should be clear, plain, unambiguous and express. The rule is simple, and easily understood, and conforms to the principles ruled in the later cases, in the construction of the act of limitations.

Judgment reversed, and a *venire de novo* awarded.