## Miller *versus* Baschore.

1. To revive a claim barred by the Statute of Limitations, there must be a clear and definite acknowledgment of the debt, a specification of the amount due, or a reference to something by which such amount can be definitely and certainly ascertained and an unequivocal promise to pay.

2. The maker of a note that was barred by the Statute of Limitations wrote to the holder, " I have received a letter from you some time ago, asking of me what I intended doing with balance of note I owe you," and after speaking of an arrangement to pay another creditor with whom he had compromised, continued, "and after he is paid, I will pay you all I owe you, and if I can do anything for you before that time, I will do so. You need not trouble yourself about me that I will not pay you, for I expect to pay all I owe." *Held,* that these acknowledgments and promises were neither certain nor perspicuous enough to take the case out of the operation of the statute.

January 26th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Common Pleas, No. 4, of *Philadelphia county* : Of July Term 1875, No. 125.

Assumpsit by Catharine Baschore against John W. Miller on a promissory note for $100, dated the 28th of December 1859, drawn by the defendant to the order of plaintiff and payable one day after date.

The defendant pleaded the general issue and the Statute of Limitations.

At the trial, under objection, the plaintiff put in evidence the note with several endorsements thereon, on account of interest, and one of a payment of a small sum in merchandise. These endorsements were all made previous to 1864. She then offered the following letter which was also admitted under objection :—

"Philadelphia, March 23d 1869.

" Mrs. Catharine Baschore.

I have received a letter from you sometime ago, asking of me to let you know what I intended doing with balance of a note I owe you. It is hardly necessary to tell you that I had a great deal to pay when I failed, for you know that I have paid off many of my old debts, and calculate to pay all I owe. Just now I cannot pay you anything, for one reason, I compromised with John Geo. Seltzer to pay him in instalments of which I have paid one, and another is coming due on the first of April, which I must somehow arrange, and then I have to pay him one more note which comes due April 1st 1870, and after he is paid I will pay you all I owe you, and if I can do anything for you before that time I will do so, you need not trouble yourself about me that I will not pay you, for I expect to pay all I owe. If you think I am not telling you the truth, you can ask J. G. Seltzer himself.

I remain your friend,
JOHN W. MILLER."

[Miller *v.* Baschore.]

Miller, on cross-examination, testified that he had paid Seltzer.

The defendant then moved for a nonsuit, which the court declined to grant.

He was then called in his own behalf, and testified:—

"The plaintiff, at the time I gave her the note, in 1859, owed me upwards of fifty dollars for goods sold and delivered, with interest from June 19th 1856. She owed me this claim with interest at the time the letter of 1869 was written, and still owes me the book account with interest. She has never paid or settled it."

The plaintiff, in reply, denied that when the note was given in 1859, there was a settlement between defendant and herself and alleged that the $100 was the balance due her.

The court, Briggs, J., charged the jury as follows:—

"The letter of 1869 declares that the defendant will pay what he owes the plaintiff, after he shall have paid Seltzer, and the defendant testifies that he has paid Seltzer; therefore, his promise, then conditional, is now absolute. The question now is, what does he owe the plaintiff? Both the note in suit, and the defendant's claim for goods sold, were, at the time the letter was written, barred by the statute, and we cannot consider the promise without inquiring into the state of their accounts at that time. You should allow the defendant for the sum the plaintiff owed him at that time, and give her a verdict for the balance, and if you do not find a balance in plaintiff's favor, then give a verdict for defendant."

The verdict was for the plaintiff for $125.35.

The defendant took this writ, assigning for error the admission of the foregoing letter, as sufficient to revive the note; the admission of the note, which was barred by the statute; and the charge of the court above.

*William D. Wetherill,* for plaintiff in error.—The promise to take a case out of the Statute of Limitations must be clear, unequivocal, and express, and so distinct in its extent and form as to preclude hesitation and doubt: Morgan *v.* Walton, 4 Barr 321; Beck *v.* Beck, 1 Casey 124; Harbold's Ex'rs *v.* Kuntz, 4 Harris 210; Shaffer *v.* Shaffer, 5 Wright 51; Weaver *v.* Weaver, 4 P. F. Smith 152; Boss *v.* Long, 33 Leg. Int. 306.

The promise which is sufficient to take a case out of the statute, must be a promise to pay on demand; an immediate, unqualified promise to pay, without restrictions or conditions: Kensington Bank *v.* Patton, 2 Harris 479; Tanner *v.* Smart, 6 B. & C. 603; Hart *v.* Prendergast, 14 Mees. & Wels. 741; Boss *v.* Long, *supra.*

The instrument sued on must be clearly and distinctly identified, and there must be a distinct recognition of the amount due: Suter *v.* Sheeler, 10 Harris 308; Shitler *v.* Bremer, 11 Id. 413; Burr *v.* Burr, 2 Casey 284; Shaffer *v.* Shaffer, *supra;* Wolfensberger *v.* Young, 11 Wright 516; Johns *v.* Lantz, 13 P. F. Smith 324.

But even if this letter contains an acknowledgment of the note in suit, does it exhibit an intent to pay the *whole* note ? This suit is for the *entire* debt, the whole of the note. Construing the letter in the most favorable light for the plaintiff, it was clearly not the intention of Miller when he wrote it to pay the whole debt, but a *balance* only. This case is stronger than Senseman *v.* Hershman, 1 Norris 83, decided upon this very ground.

*George Tucker Bispham*, for defendant in error, did not print a paper-book, but made an oral argument. The letter satisfies the rule of law as to certainty, for the language indicates that the debt in question was in the mind of the writer, and that he intended to recognise the same. It is not necessary that the promise should be for immediate payment. Postponing the time does not affect the promise. The time is certainly fixed by the time fixed for the payment of the Seltzer notes. The identification of the debt is fixed by the reference thereto in the letter : Whitcomb *v.* Whiting, 1 Smith Lead. Cas. 958, last ed.

Not shown that there was another debt, nor could have been. Senseman *v.* Hershman, 1 Norris 83, differs from this case. No recognition there of a certain balance or one that could be made certain. Here the balance can be ascertained by the endorsements. Both parties could know by deducting the credits thus given, and the amount due, therefore, was neither vague nor uncertain.

Mr. Justice GORDON delivered the opinion of the court, February 5th 1877.

The evidence was not sufficient to relieve the claim of the plaintiff below from the effect of the Statute of Limitations. In order to effect such a result there must be a clear and definite acknowledgment of the debt, a specification of the amount due or a reference to something by which such amount can be definitely and certainly ascertained, and an unequivocal promise to pay. In the case under consideration the acknowledgment and undertaking of the defendant lack these essential characteristics. He writes: "I have received a letter from you some time ago asking of me what I intended doing with balance of a note I owe you." In this there is nothing specific or definite, for it is not stated what note is referred to, neither is the amount of the balance indicated. The latter part of this letter is not less indefinite, for, after speaking of an arrangement to pay another creditor with whom he had compromised, he says : "And after he is paid I will pay you all I owe you, and if I can do anything for you before that time I will do so ; you need not trouble yourself about me, that I will not pay you, for I expect to pay all I owe." If, in Weaver *v.* Weaver, 4 P. F. Smith 152, the writing by the debtor under an account stated, "I agree to settle with him for the above balance and any other just claim between us,"

[Miller v. Baschore.]

was not sufficient to take the claim out of the operation of the statute, much less the promise above stated. In the case cited the claim and the amount were fixed beyond doubt or cavil; the fault occurred in the want of a promise to pay the sum thus fixed, for the undertaking was not to liquidate the account stated, but only to settle that and any other just claim his creditor might have against him; it was, therefore, at best but a promise to pay what might appear to be due upon an adjustment of their several accounts. Applying the above-stated doctrine to the case in hand and it is found to be utterly wanting in every element necessary to rescue it from the grasp of the statute; the defendant promises to pay a balance of a note, but neither note nor balance is stated; he promises to pay what he owes, but whether that is much or little we are not informed; there is, in fact, neither the required certainty nor perspicuity in the evidence produced to break down the defence; hence the attempt has resulted in failure.

The judgment is reversed and a new *venire* ordered.