## M. L. Painter's Appeal.

An express promise to pay a debt barred by the statute of limitations, or such a clear, distinct and unequivocal acknowledgment of it as is entirely consistent with a promise to pay it, will remove the bar of the statute.

But to be effective for that purpose, the promise, whether express or implied, must be such as to identify the debt, either in express terms or by reference to something by which its nature and amount can be definitely and certainly ascertained.

In an action on book account for medical services and a note alleged to have been given for borrowed money, testimony that the defendant said, "I owe plaintiff borrowed money and due bill, and I mean to pay him every cent I owe him; I owe him a long standing doctor bill of twenty or twenty-five years and borrowed money, both not exceeding $1,000,"—is too indefinite and uncertain to remove the bar of the statute.

(Argued October 5, 1886.  Decided October 25, 1886.)

October term, 1886, No. 11, W. D.  Appeal from a decree of the Orphans' Court of Westmoreland County allowing a claim against a decedent's estate.  Reversed.

Dr. Lewis Sutton, as a creditor of the estate of Colonel Israel Painter, presented his claim for allowance before the auditor who was appointed to make distribution.  His claim consisted of a promissory note for $200, dated July 11, 1859, payable ten days after date, with interest, and also of an account for professional services running through a long series of years, and amounting to some $250.  The note appears on its face to have been given for borrowed money.  Part of the account was for services rendered within six years prior to the death of Colonel Painter and was allowed by the auditor.  The statute of limitations having been interposed, the note and that part of the ac-

Cited in Dick v. Mahoney, 21 Pa. Co. Ct. 241, 242.

NOTE.—In addition to the cases mentioned in the opinion of the court, the following discuss the necessity of the identification of the debt.  Croman v. Stull, 119 Pa. 91, 12 Atl. 812; Marcum v. Marshall, 129 Pa. 506, 15 Am. St. Rep. 730, 18 Atl. 640; Wells v. Wilson, 140 Pa. 645, 21 Atl. 445; Lowrey v. Robinson, 141 Pa. 189, 21 Atl. 513; Ward v. Jack, 172 Pa. 416, 51 Am. St. Rep. 744, 33 Atl. 577; Rosencrance v. Johnson, 191 Pa. 520, 43 Atl. 360.

count which was more than six years old, amounting to $129.25, were rejected by the auditor on the ground that "the declarations and acknowledgments made by Painter, and relied on by claimant to take the case out of the statute, are too vague, indefinite, and uncertain for the purpose."

The evidence relied upon is set forth in the opinion of the court.

The claimant excepted to the report of the auditor in disallowing the claims of Dr. Sutton, on the ground that the bar of the statute was removed by the testimony which was produced before the auditor, and the court sustained his exceptions. The report was sent back and ordered to be reformed accordingly. To the amended report, allowing the claim of Dr. Sutton as directed by the court, exceptions were filed by appellant, which were dismissed by the court, and the report as amended was confirmed. From the order and decree of the court dismissing these exceptions and finally confirming the auditor's report this appeal was taken, appellant assigning as error the actions of the court: 1. In sustaining appellee's exceptions to the original auditor's report, and in refusing to confirm said report. 2. In dismissing exceptions of appellant to the supplemental auditor's report, and in confirming said report.

*John F. Wentling* and *Moorhead & Head* for appellant.

*McAfee, Atkinson, & Peoples* for appellee.

OPINION BY MR. JUSTICE STERRETT:

It is well settled that an express promise to pay a debt barred by the statute of limitations, or such a clear, distinct, and unequivocal acknowledgment of the particular debt as is entirely consistent with a promise to pay it, will remove the bar of the statute; but, to be effective for that purpose, the promise, whether express or implied, must be such as to identify the debt, either in express terms or by reference to something by which its nature and amount can be definitely and certainly ascertained. Harbold v. Kuntz, 16 Pa. 210; Emerson v. Miller, 27 Pa. 278; Miller v. Baschore, 83 Pa. 356, 24 Am. Rep. 187; Palmer v. Gillespie, 95 Pa. 340, 40 Am. Rep. 657; Wesner v. Stein, 97 Pa. 322; Lawson v. McCartney, 104 Pa. 356; Montgomery v. Cunningham, 104 Pa. 349; Wambold v. Hoover, 110

Pa. 9, 20 Atl. 404; Landis v. Roth, 109 Pa. 621, 58 Am. Rep. 747, 1 Atl. 49.

In the case before us, the express promise of the alleged debtor to pay would be sufficiently distinct and unequivocal, if the debts to which he relates had been identified or so referred to and designated by him as to clearly show what particular debts he intended to pay, and the amounts thereof respectively, but such was not the case. There was no reference to anything by which the amount either of the "long-standing doctor bill of twenty or twenty-five years," or the "borrowed money," which the witness testified the debtor admitted he owed the appellee and declared he would pay, can be definitely and certainly ascertained. Appellee's book account for medical services, and the note alleged to have been given for borrowed money, were not even alluded to. The nearest approach to a specification of the amount of either was that the two did not exceed $1,000. The witness on whom appellee relies, testified that Colonel Painter said:

"I owe Doctor Sutton in borrowed money and doctor bill, and I mean to pay him every cent I owe him. . . . I owe him a long-standing doctor bill of twenty or twenty-five years, and borrowed money, not exceeding $1,000—both not exceeding $1,000, is what he meant." This, as the learned auditor held, was entirely too indefinite and uncertain to remove the bar of the statute; and there is nothing else in the evidence, on which appellee can rely for that purpose.

It follows that the learned judge erred in sustaining the exceptions to the first report of the auditor. The assignments of error are both sustained.

Decree reversed, at costs of appellee, and record remitted to the court below with instructions to enter a decree in accordance with this opinion.