## Bream v. Drum

*S. M. Raffensperger,* for plaintiff.
*Henry O. Heiser, III,* for defendant.

SPICER, *P.J.,* September 4, 1980—Plaintiff filed a complaint in assumpsit based upon two promissory notes. One was dated December 31, 1970 and the other March 10, 1975. A payment on account on the latter note was alleged but none as to the earlier note.

Defendant Ray K. Drum filed preliminary objections in the nature of a demurrer in which he raised the statute of limitations. Plaintiff responded by filing an amended complaint to which he attached a letter purported to be written by defendant. The letter was not dated and Paragraph 7 of the amended complaint alleged it was written "on or before August 29, 1975." A notation on the letter indicates it was received by plaintiff August 29, 1975. Defendant has not raised any objections to the wording of the complaint.

In this letter, defendant discussed some problems apparently existing at that time. He then wrote, "Please have faith in me . . . you will not be 'stuck.' You will be repayed." Prefatory to this statement he expressed his desire to accomplish several things including to "repay my debts."

The complaint was filed April 24, 1980. Defendant takes the position that the statute of limitations

expired June 27, 1979, one year after the effective date of the Judicial Code, 42 Pa.C.S.A. §101 et seq.

Neither party has questioned the propriety of raising the defense of the statute of limitations by preliminary objections and so we will consider it to have been properly raised.

Plaintiff contends there is no statute of limitations, the note in question being a specialty.

It is true that under the former statute, the Act of March 27, 1713, 1 Sm.L. 76, 12 P.S. §31 et seq., contracts under seal were not subject to the statute of limitations. The act specifically limited its application to action on a "contract without specialty." In cases involving specialties, there was no statute of limitations but rather a presumption of payment after 21 years.

The Uniform Commercial Code departed from this rule and its provisions have been recodified in the Judicial Code. See 13 Pa.C.S.A. §§2203 and 2725, and 42 Pa.C.S.A. §5525, respectively. The Uniform Commercial Code specifically refers to seals.

There is no such reference in section 5527 of the Judicial Code. However, neither is there an exception for sealed instruments. Since the Judicial Code is a comprehensive codification of the law in this area, we are of the opinion that plaintiff's note is subject to the statute and that defendant is correct in his position.

Plaintiff argues the letter attached to the complaint either estops defendant from asserting the statute or has tolled its operation.

It is true that when parties are dealing in friendly and not arm's length terms less is required to act as an estoppel than when the parties are in adversary positions. However, defendant must have done

something that amounted to "an affirmative inducement to the plaintiff to delay bringing the action." 22 P.L.E., Limitations of Actions §9. The letter does not amount to such an inducement.

The remaining question then becomes whether the letter contains either an acknowledgment or a fresh promise to pay which would have the effect of reviving the obligation and starting the statute afresh.

The law in this area was reviewed in Weigle v. Starner, 3 Adams 136 (1961).

The bar of the statute may be removed by an acknowledgment and an unequivocal promise to pay, either expressed or implied. The acknowledgment must be "[a] clear, distinct and unequivocal acknowledgment of a debt [as] an existing obligation." Id. p. 137, citing Maniatakis' Estate, 258 Pa. 11, 15, 101 Atl. 920 (1917). The acknowledgment must plainly be referable to the very debt upon which the action is based. Id.

The discussion in the Maniatakis case cited in Weigle, supra, indicates that more stringent rules are applied when acknowledgments are not accompanied by promises. However, it would seem that both a promise and acknowledgment must refer to the debt in dispute.

"In order for an acknowledgment or new promise to start the statute of limitations running anew, there should be no uncertainty as to the debt referred to." 51 Am.Jur. 2d, Limitations of Actions §334, citing Davis v. Steiner, 14 Pa. 275 (1850). Although the Supreme Court in Davis, supra, held, at 279, that "it is not necessary the acknowledgment should refer to the amount of the debt," later cases put this statement in doubt.

In Ward v. Jack, 172 Pa. 416, 420, 33 Atl. 577

(1896), the same court said that an acknowledgment must be clear and unequivocal, contain a specification of the amount due "or a reference to something by which the amount can be definitely and certainly ascertained, *and* an express or implied promise to pay it." (Emphasis supplied.)

In discussing this prinicple the court said, at 420:

"The expression 'you shall have your money' means no more than the words 'I will pay you all I owe you,' and these were regarded as insufficient in Miller v. Baschore, 83 Pa. 356, to remove the bar of the statute, although they plainly referred to the balance due on Miller's note which Baschore then held. In Landis v. Roth, 109 Pa. 621, the promise of the former was express and related to a note which the latter held, and it was adjudged insufficient, although it was not shown that 'Landis had given Roth any other note than the one in suit.'"

It is therefore clear under the authority cited that the letter was not sufficient to remove the earlier note from the bar of the statute.

Accordingly, the attached order shall be entered.

## ORDER

And now, September 4, 1980, defendant Ray K. Drum's preliminary objections are sustained as to the note dated December 31, 1970.