## Borough of Port Royal *versus* Graham.

1. An ordinary county warrant drawn on the treasurer in payment of a
debt is not *per se* a proper subject of an action.

2. Such an instrument of writing in the form of a warrant and to be held
as a voucher, may contain other matters which make it a contract and evi-
dence of debt.

3. Money lent bears interest even if the instrument which is the evidence
of the debt does not so stipulate in express terms.

May 30th 1877. Before AGNEW, C. J., SHARSWOOD, GORDON,
PAXSON, WOODWARD and STERRETT, JJ. MERCUR, J., absent.

Error to the Court of Common Pleas of *Juniata county* : Of
May Term 1877, No. 173.

Debt by George M. Graham against the borough of Port Royal
(formerly Perrysville) on the following instrument of writing :—

[Borough of Port Royal *v.* Graham.]

"No. 8.            Perrysville, January 27th 1865.      $225.84.
Treasurer of Perrysville Borough.

[SEAL OF THE BOROUGH.] Pay to G. M. Graham, or order, two hundred and twenty-five 84–100 dollars, with interest from September 1st 1864, out of the borough funds of Perrysville borough, for bounty money loaned to the town council, for which this shall be your voucher.

COLLER WIX, President.

Attest:
    G. W. JACOBS, Secretary."

Endorsed—

"Received, January 31st 1867, of Philip Isenberg, twenty-two dollars and forty cents, being amount of bounty tax for year 1866.
    $22.40.                               G. M. GRAHAM."

"Received, January 18th 1872, of Henry Ebberts, twenty-two dollars and forty cents, being amount of bounty tax for 1869.
    $22.40.                               G. M. GRAHAM."

Defendant pleaded *nil debet, non est factum*, payment with leave, and Statute of Limitations.

At the trial, before Junkin, P. J., on behalf of the plaintiff, the minutes of the town council of the borough were put in evidence, those of the 27th of January 1865 being as follows:—

"On motion the clerk was directed to make out bonds or orders to all persons who would loan or advance money to the council or bounty fund to pay volunteers' bounty, not exceeding $300 each, who entered the service of the United States in the year 1864, under calls of the President, and gave their credit to the borough, and orders to others to whom the borough is indebted for bounty money."

Wix and Jacobs, whose names are attached to the instrument as the president and secretary of council, were called, who proved the instrument and testified that it was given to Graham for money he had loaned to council to pay the bounty to volunteers.

Graham testified that he had demanded payment from Isenberg, the collector and treasurer of the bounty fund, who refused to pay.

The following points were submitted by defendants, to which are appended the answers of the court:—

1. Plaintiff has brought suit upon a borough order granted in his favor for a certain sum of money, and has specifically set forth in his declaration as his cause of action the refusal of defendant to pay him the amount of said order. But said order is not a bill, nor note, nor contract, nor such other instrument as will support an action. No recovery can be had thereon, and under plaintiff's declaration the verdict should be for defendant.

Answer. "We have disposed of this point in the general charge, and reserved it for further consideration."

[Borough of Port Royal *v.* Graham.]

2. But if the court should decline so to charge, then that the order having been granted more than six years before suit was instituted, the Statute of Limitations will bar a recovery thereon. The credits which appear to be endorsed on the order are not such payments as will prevent the bar of the statute; they are but credits given by the collector for the taxes due from the holder of the order, and as such do not operate as an acknowledgment of the debt by the defendant. The effect of the corporate seal is usually to attest the genuine character of the instrument to which it is attached, and does not convert a borough order into a specialty; and does not hinder the plea of the statute in the present suit.

Answer. "The corporate seal appearing on the paper, and proved to be such, makes the paper a specialty, and the statute does not bar it. The payments or credits on the order would not take the claim out of the statute."

4. The minutes of the corporation do not show that the corporate authorities specifically directed the granting of the order now in suit, to the plaintiff; nor is there any evidence of an authority to grant an interest-bearing order, to any one; and if the jury believe that plaintiff obtained said order through the unauthorized act of the corporation clerk, then the verdict should be for the defendants.

Answer. "There is sufficient in the minutes of the council to show the orders or bonds were directed to be issued to the lenders of bounty money. It is fair to presume that all things were rightly done."

The court, *inter alia,* charged:—

"Should you find from the evidence, that the authorities did, in fact, pay bounty to volunteers in 1864 and 1865, and that this plaintiff did lend this borough money for that purpose, either by paying it directly to volunteers, upon the agreement and understanding with the authorities that he was to be reimbursed by them, or loaned it directly to them for bounty purposes; and that he demanded payment from Isenberg while treasurer, you may find a verdict for plaintiff. We, however, reserve the following question, to wit: Can a suit be maintained directly upon the instrument given in this case; and has this paper any greater legal significance than the ordinary form of such orders."

The verdict was for the plaintiff, and the court subsequently deciding the reserved questions in the affirmative, judgment was entered thereon.

Defendant took this writ, assigning for error, among others, the answers of the court to the foregoing points, and the entry of judgment.

*Charles A. Barnett* and *Louis E. Atkinson,* for plaintiff in error.

[Borough of Port Royal v. Graham.]

—This order is not actionable : Warner v. Commonwealth, 1 Barr 154 ; Dyer v. Covington Township, 7 Harris 200 ; Allison v. Juniata County, 14 Wright 351 ; Frst National Bank v. Rush School District, 2 W. N. C. 471. The order is not a contract and the seal could not make it a specialty, and therefore it is barred by the Statute of Limitations.

*Ezra D. Parker,* for defendant in error.

The judgment of the Supreme Court was entered June 11th 1877,

PER CURIAM.—It has been held repeatedly, and in one case very recently, that an ordinary county warrant drawn on the treasurer in payment of a debt, is not *per se* a proper subject of an action as upon a promise in writing. That it may enter into the evidence in an action to recover a debt may well be, but it is not an order or draft which itself may become the foundation of the action. But in this case the paper, though in form a warrant to authorize a payment and to be held as a voucher, contains other matters which establish it to be a contract and evidence of a debt. It sets forth that it is for money lent for bounties, and is with interest and is under the borough seal and was issued under the express authority of a resolution of the council, which was passed to secure the payment of moneys lent for bounty purposes. It therefore has all the essential elements of a contract to refund money lent, which are not destroyed because it also partakes of the character of a voucher when payment is made upon it. It is said the insertion of interest was the unauthorized act of the clerk. But this is not a legal presumption, notwithstanding the resolution does not in express terms say the bonds or orders issued are to be with interest. Nothing is better settled by decision than that money lent bears interest. It is a conclusion of law from the fact of the loan : Dilworth v. Sinderling, 1 Binn. 488 ; Rapelie v. Emory, 1 Dall. 349. Upon the whole we cannot perceive there is substantial error in this record.　　　Judgment affirmed.