# Landis *versus* Roth.

1. A promise to pay a debt barred by the Statute of Limitations will operate to remove the bar of the statute only when the particular debt is unequivocally identified and acknowledged by the debtor at the time of the promise. Any uncertainty, either in the acknowledgment or identification of the debt is fatal.

2. In a suit on a note more than six years overdue the plaintiff testified that he went to defendant and said to him, "I come for money;" defendant replied, "I will pay you $600, in thirty days, on the note. I will pay you the rest as quick as I can, but you must not be too hard on me." When he had said that, his wife said: "We will pay you every dollar, if we have to pay you out of our pocket." Defendant then said: "Yes, we will pay you."

   *Held,* that this evidence of a promise was insufficient to remove the bar of the statute.

109   621
114   360
109   621
140   648
109   621
142   178
109   621
165    74
109   621
169   331
109   621
172   420
109   621
181   102
109   621
191   533
109        621
203       ¹572
20 SC ²125

April 22d, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Montgomery county:* Of January Term 1885, No. 254.

Assumpsit, brought March 21st, 1879, by Peter Roth against Joseph Landis and Henry Landis upon a promissory note dated November 27th, 1867. Plea, non-assumpsit infra sex annos.

On the trial, before BOYER, P. J., the following facts appeared: The plaintiff sold Joseph Landis, one of the defendants, a farm, for the unpaid purchase-money of which, he with his father Henry Landis, the other defendant, gave the note in suit. Joseph Landis paid the interest on the note up to April 1st, 1872. Henry Landis paid nothing, and neither principal nor interest was ever demanded from him for ten or twelve years after its execution. In 1876 or 1877, Joseph Landis made an assignment for the benefit of his creditors. A few days after the assignment plaintiff went to see Henry Landis, and he testified that he said to Henry Landis, "I come for money," to which Henry Landis replied "I will pay you $600 in thirty days on the note. . . . . . I will pay you the rest as quick as I can, but you must not be too hard on me." . . . . . "When he had said that, the old woman, I mean his wife, came to us and said, 'Roth, we will pay you every dollar, and if we have to pay it out of our pocket.' When Henry heard this he said, 'yes, we will pay you.'" There was no evidence to show that the note in suit was the same one that Henry Landis promised to pay, or that Henry Landis had given Roth any other note than the one in suit.

The court charged the jury, *inter alia,* as follows: "The testimony in regard to what Henry Landis promised, dates in 1877. It was then that Peter Roth testified he called upon Henry Landis at his house, at the instance, he says, of Joseph Landis, to inquire for this money. ['When I got to Henry Landis,' Peter Roth says, 'I said, I came for money, and he said, I will pay you $600 in thirty days on the note, this note. He said, I will pay you the rest as quick as I can, but you must not be too hard on me.'] If that were all, it would be very doubtful whether that would be a sufficient promise upon which to base a recovery in this case by the removal of the Statute of Limitations, because the promise is not absolutely to pay the whole debt immediately, or except under certain terms. But afterwards, in the same conversation Peter Roth swears that the old lady, who was present, [Mrs. Henry Landis, spoke up and said, 'Roth, we will pay you every dollar, and if we have to pay it out of our pockets.' Henry said, 'yes, we will pay you.' If it be true that this was all said, then the latter part of these expressions is sufficient in the judgment of the court to enable the jury to find a positive promise.']

Now it has been argued to the jury on the part of the defendant, that in this conversation some other note, or some

[Landis *v.* Roth.]

other indebtedness at least, might have been referred to; and that it does not clearly appear that this particular note was the subject of the conversation. [But it was not necessary to produce the note. It was not necessary to recite its date, nor that a particular itemized description should have been given by either party at the time as to the note which was referred to. You are to gather from the testimony in this cause whether or not it was this identical note in relation to which that conversation took place.] Was there any other note? Was there any other indebtedness of any kind to which it could have referred? If there was, and it was doubtful as to whether this note was referred to or not, then the acknowledgment, or the promise, whatever it was, was not sufficient to remove the bar of the statute, and allow a recovery in this case. Did the conversation refer to this particular note? And it is for you to determine and arrive at that conclusion clearly from the evidence; then it is sufficient so far as the identity of the note is concerned."

Verdict and judgment for the plaintiff. The defendants took this writ of error, and assigned for error, inter alia, the portions of the charge above quoted within brackets.

*Franklin March,* (*George W. Rogers* with him) for the plaintiffs in error.

*J. Wright Apple,* (*Charles Hunsicker* with him), for the defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, June 4th, 1885.

The only question in this case is, whether there was a sufficient acknowledgment of the debt to take it out of the Statute of Limitations. The testimony relied upon for that purpose was that of the plaintiff below. He said: "When I got to Henry Landis, I said, I come for money, and he said, I will pay you six hundred dollars in thirty days on the note (this note,)I will pay you the rest as quick as I can, but you must not be too hard on me. . . . . . The old lady, Mrs. Henry Landis, spoke up saying, Roth, we will pay you every dollar if we have to pay it out of our pocket. Henry said, yes we will pay you."

The learned judge charged the jury that "If it be true that this was all said, the latter part of their expressions is sufficient in the judgment of the court to enable the jury to find a positive promise." The jury so found.

This subject has been so frequently and elaborately discussed that we may be excused from going over the ground

again at length, and it is sufficient to indicate the rule as laid down by the authorities, and then apply it to the facts of this case. In Miller *v.* Baschore, 2 Norris, 356, it was said: "In order to effect such a result there must be a clear and definite acknowledgment of the debt, a specification of the amount due, or a reference to something by which such amount can be definitely and certainly ascertained, and an unequivocal promise to pay." In the later case of Palmer *v.* Gillespie, 14 Norris, 340, it was held that the promise to pay need not be express. It was said by Justice MERCUR: "It is not essentially necessary that the promise be actual or express, provided that the other necessary facts are shown. A clear, distinct or unequivocal acknowledgment of the debt is sufficient to take a case out of the operation of the statute. It must. be an admission consistent with a promise to pay. If so, the law will imply the promise, without its having been actually or expressly made. There must not be uncertainty as to the particular debt to which the admission applies."

The meaning of which is that where the debt is identified beyond all doubt, and distinctly acknowledged, the law will imply a promise to pay it; but it is not a subject for a jury to guess at.

In the case in hand the debt was not sufficiently identified. In the conversation testified to by the plaintiff there is not a word as to the date of the note, its amount, or the balance due thereon. The note itself was not produced, and there is no evidence that the plaintiff had it with him. There is no certainty as to what debt or what note was referred to: any uncertainty either in the acknowledgment or identification of the debt is fatal: Burr *v.* Burr, 2 Casey, 284. In that case there was one actual payment on account, but this court held the debt was not identified. The evidence there was as follows: "Mother says, can thee let me have a little interest money on that note which I hold of thine?" He said, "how much would thee like, mother?" She said, "four or five dollars, and he gave her seven." There was no evidence of the existence of any other note between the parties, yet it was held that the acknowledgment was insufficient. The present case is certainly no stronger, and as Burr *v.* Burr has been constantly followed to the present time, we are constrained to reverse this judgment.

> Judgment reversed and a *venire facias de novo* awarded.