## Mayfarth's Appeal.

**Words of** acknowledgment, which entirely fail to identify the debt to which they relate, will not take it out of the operation of the statute of limitations.    Landis v. Roth, 109 Pa. 621, 58 Am. Rep. 747, 1 Atl. 49, and Burr v. Burr, 26 Pa. 284, etc., followed.

(Decided October 5, 1885.)

Appeal from a decree of the Orphans' Court of Philadelphia. Affirmed.

Upon the settlement of the estate of Amelia Schoeninger, Charles Knipschild presented a claim for board and washing furnished to the decedent.    On behalf of the estate a set-off was claimed, on a note given by claimant to decedent; and, to toll the statute of limitations, evidence of an acknowledgment of the debt by claimant was offered.    The court rejected the set-off and allowed the claim; whereupon the administrator appealed.

*Frederick Gaston* for appellant.

*John A. Bickel,* for appellee.—In order to take a debt out of the statute of limitations there must be a clear and definite acknowledgment of it, a specification of the amount due, or a reference to something by which such amount can be definitely and certainly ascertained and an unequivocal promise to pay. Miller v. Baschore, 83 Pa. 356, 24 Am. Rep. 187; Weaver v. Weaver, 54 Pa. 152; Palmer v. Gillespie, 95 Pa. 340, 40 Am. Rep. 657; Wesner v. Stein, 97 Pa. 322; Lawson v. McCartney, 41 Phila. Leg. Int. 500; Farley v. Kustenbader, 3 Pa. St. 418; Kensington Bank v. Patton, 14 Pa. 481, 53 Am. Dec. 564; Suter v. Sheeler, 22 Pa. 310; Burr v. Burr, 26 Pa. 284; Wolfensberger v. Young, 47 Pa. 516.    See also Love v. Hough, 2

---

Cited in Dunlevy's Estate, 10 Pa. Co. Ct. 454, 48 Phila. Leg. Int. 451, 8 Montg. Co, L. Rep. 84.

NOTE.—An acknowledgement must clearly identify the particular debt. Ward v. Jack, 172 Pa. 416, 51 Am. St. Rep. 744, 33 Atl. 577; Simrell v. Miller, 169 Pa. 326, 32 Atl. 548; Lowrey v. Robinson, 141 Pa. 189, 21 Atl. 513.    And the identification must be direct, and not by inference from collateral matters.    Mewes's Estate, 24 Pa. Co. Ct. 429; Rosencrance v. Johnson, 191 Pa. 520, 43 Atl. 360.

Phila. 350; Storm v. White, 6 Phila. 531; Laforge v. Jayne, 9 Pa. 410.

Opinion by Mr. Justice Paxson:

The auditing judge has found that there was no contract on the part of Amelia Schoenberger to pay the claimant for her board while at Atlantic City; yet very properly held, under the circumstances, that such a contract was to be implied.

The claimant kept a summer hotel at Atlantic City, and the decedent boarded with him, as did other boarders, with nothing to indicate that she was there as an invited guest. The relationship between the parties was not such as involved any duty of support, or negatived an implied contract to pay for the boarding furnished. Miller's Appeal, 100 Pa. 568, 45 Am. Rep. 394. Indeed, the claim was not seriously denied. The appellant, however, attempted to set off against it a note held by decedent against the claimant for $300. This note, upon its face, was barred by the statute of limitations, and the main contention in the orphans' court was whether there was sufficient evidence to take the note out of the statute. The court below held there was not, in which we think they were right.

The note was not sufficiently identified. It comes directly within the ruling of Landis v. Roth, 109 Pa. 621, 58 Am. Rep. 747, 1 Atl. 49; Burr v. Burr, 26 Pa. 284, and other cases in the same line. In the conversation in which the alleged acknowledgment occurred, the note was not produced, nor was it referred to by date, amount, or balance due thereon. It is true the answer was in response to the question: "Did you hear any conversation between him and Mrs. Schoenberger about that note?" But this was the language of counsel, not of the witness. The conversation was about a note, but there was nothing to make it certain that it was the note in controversy. The same vagaries occur also in the conversation about taking decedent's board out of the note. It was too indefinite.

On the whole, we find no error in the ruling of the Orphans' Court, and its decree, therefore, is affirmed and the appeal dismissed at the costs of the appellants.