## William Wright v. Charles H. Jordan, Appellant.

[Marked to be reported.]

*Statute of limitations—Payment of interest—Evidence.*

In an action upon a promissory note where the defendant pleads the statute of limitations, a verdict and judgment for the plaintiff will be sustained where the evidence is uncontradicted that interest was paid within six years on the note in suit, although there was another outstanding note from the defendant to plaintiff to which in the absence of evidence to the contrary, the payment of interest might have been applicable.

Argued March 25, 1897. Appeal, No. 16, Jan. T., 1897, by defendant, from judgment of C. P. Phila. Co., March T., 1893, No. 704, on verdict for plaintiff. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a promissory note.

The defendant pleaded the statute of limitations. Before WILSON, J.

The facts appear by the opinion of the Supreme Court.

The court charged as follows :

If you believe that interest was paid upon the note in suit within six years from the time suit was brought, the plaintiff has a right to recover the amount of the note with interest to date.

Verdict and judgment for plaintiff for $14,940. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Joseph P. McCullen*, for appellant.—In respectfully submitting that there was not sufficient evidence to prevent the running of the statute of limitations which barred the right to

recover on the notes sued upon, and in asking for a reversal of the judgment, the appellant directs the attention of the court to Landis v. Roth, 109 Pa. 621, in which suit was brought upon a note more than six years overdue.

There is no certainty as to what debt or what note was referred to; any uncertainty either in the acknowledgment or identification of the debt is fatal: Burr v. Burr, 26 Pa. 284.

*George W. Shoemaker*, and *E. Hunn, Jr.*, for appellee were not heard.

Opinion by Mr. Justice Green, April 26, 1897:

The learned judge of the court below instructed the jury that if they believed that interest was paid on the note in suit within six years from the time the suit was brought, the plaintiff had a right to recover the amount of the note with interest to date. That this instruction was absolutely correct is not even questioned by the learned counsel for the appellant. The jury did believe that interest was so paid, and rendered a verdict for the plaintiff for the full amount of his claim. There is, therefore, no question in the case except whether there was sufficient evidence before the jury to justify them in rendering their verdict. A careful reading of the testimony convinces us that no other verdict would have satisfied the demands of the evidence. The facts testified to were entirely undisputed. There was no contradiction of the positive testimony of the plaintiff, that the last payment of interest on the note in suit was made on April 28, 1887, which was less than six years before the action was brought. The written receipt for that payment was given in evidence and it expressed on its face the fact that it was " on account of interest on note." This was not at all disputed by the defendant, although he was alive and competent to testify. But he now claims that there were two of his notes in the hands of the plaintiff at that time, each for $10,000, and that the receipt does not identify the particular note on which the payment of interest was made. While it is true that the receipt does not in language describe the particular note on which the interest was then paid, the other testimony in the case proves most conclusively that it was paid on this identical note in suit. It is not at all necessary to repeat the testimony in detail. It was not

contradicted in the least degree, either by the defendant or by any witness in his behalf. The plaintiff swore positively that the interest paid on April 28, 1887, was paid on this particular note, and the defendant did not pretend to deny, or even dispute it. But the circumstances testified to by the plaintiff were quite as convincing as his positive testimony. Thus he testified fully that he had a note for $10,000 given by the defendant in 1884, at four months, which was the last renewal of a note for the same amount originally given four and a half years before, and renewed every four months thereafter. The plaintiff and defendant had been partners during that time and dissolved their relation on June 6, 1885. On that date they had a settlement which showed an indebtedness of the defendant to the plaintiff of $16,744.78, besides some securities which the defendant owed to the plaintiff. In making their settlement the new note, now in suit, was given payable in two years after date; the old note was to be given up, a due bill for the securities was given, and $3,000 of Buffalo bonds were delivered by defendant to plaintiff. The defendant also agreed to pay the plaintiff ten dollars a week on account of interest on the new note for $10,000, the one now in suit. The plaintiff agreed to surrender the old $10,000 note the next day and undertook to deliver it, but being unable to find the defendant it was not then delivered, and afterwards on account of other matters subsequently discovered, the plaintiff retained it. The defendant at once commenced paying interest on the new note in small sums of ten and twenty dollars, and continued doing so until on April 28, 1887, the last of these payments of interest was made, and then the defendant told the plaintiff he would not pay him any more. This is the plain story of the interest payments as testified to by the plaintiff, and in no manner contradicted or denied by the defendant. It is useless to prolong the discussion. Not only was there ample testimony to justify the verdict of the jury, but any other verdict would have been in entire disregard of the whole weight of the evidence. The defendant, not contesting the truth of the testimony, argues that it was not sufficient to identify the particular note on which the interest payments were made, and cites the cases of Landis v. Roth, 109 Pa. 621, and Burr v. Burr, 26 Pa. 284, in support of his contention. It is only necessary to say that the facts of those

cases have no analogy to the facts of this, and they are therefore not applicable. The difficulty in those cases was the absence of testimony identifying the debt as to which the payment was made, while here there is an abundance of testimony, both positive and circumstantial, and of the most convincing character, fully identifying the note on which the payment was made.

Judgment affirmed.