## Russell's Estate.

*Decedents' estates—Promissory notes—Statute of limitations—Evidence.*

The orphans' court will allow the payment of a promissory note due more than six years by the decedent prior to his death, where a niece of the claimant testifies that within the six years she met the decedent and that he paid to her for her aunt a sum of money which he stated was interest on a note, which was of the same amount as the note for which payment was claimed; but a claim will not be allowed for another debt not evidenced by a note merely because the decedent had stated to the neice in paying her a small sum of money that it was interest on a sum which another person had from her aunt, without there being any evidence to show that the decedent had in his hands at the time of his death a definite sum due to the claimant on account of any transaction with any other person.

Argued Dec. 20, 1910. Appeal, No. 96, Oct. T., 1910, by Rebecca Russell, executrix from decree of O. C. Phila. Co., April T., 1909, No. 490, dismissing exceptions to adjudication in estate of Robert Russell, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Wm. B. S. Ferguson*, with him *John E. McCully*, for appellant, cited; Burr v. Burr, 26 Pa. 284; Peters v. Rothermel, 30 Pa. Superior Ct. 281; Shaffer v. Shaffer, 41 Pa. 51; Clad's Est., 214 Pa. 141; Heffner's Est., 134 Pa. 436; Keith's Est., 19 Phila. 73; Rhodes's Est., 18 Phila. 18; Mueller's Est., 159 Pa. 590; Landis v. Roth, 109 Pa. 621; Foringer v. Sisson, 14 Pa. Superior Ct. 266; Hazlett v. Stillwagen, 23 Pa. Superior Ct. 114.

*H. S. P. Nichols*, for appellee, cited: Flickwir's Est., 136 Pa. 374; Wright v. Jordan, 181 Pa. 100; Brown's Est., 210 Pa. 499.

OPINION BY HENDERSON, J., March 3, 1911:

The evidence relating to the claim of the appellee on her note for $600 was deemed sufficient by the auditing judge and the orphans' court to support the claim and we are not satisfied that there was error in so doing. It was shown that Mrs. Harrison held a note of the decedent for $600 dated March 10, 1883, payable twelve months after date with interest at four per cent. In December, 1907, while she was absent in New York her niece Mrs. Port looked after her affairs in Philadelphia and while so doing a letter from Robert Russell to Mrs. Harrison came to her hand, in which Mr. Russell requested Mrs. Harrison to meet him at the city hall and as there was not time within which Mrs. Port could communicate with Mrs. Harrison before the time proposed for the meeting she went to the place indicated and met Mr. Russell who there gave her $42.00 in money, $24.00 of which he said was interest on a note for $600, money which he had from Mrs. Harrison. We have then a clear and positive statement

and acknowledgement as to the amount of the indebtedness and that it was represented by a note held by the appellee. The interest paid was interest for one year at the rate fixed in the obligation. There is no contradiction of the testimony and the identification of the indebtedness seems to be certain. That the payment of interest within six years of the time suit is brought is sufficient to remove the bar of the statute is not questioned and the payment relied on is proved to have been within that period. As the amount of the note corresponds with the indebtedness named by the decedent at the time of the payment of interest to Mrs. Port and the interest paid corresponds with the rate of interest due on that note and there is nothing to suggest a probability that the appellee held any other note we think the claim was properly allowed. The case is not in the same class with Landis v. Roth, 109 Pa. 621, for there the debt was not identified and there was nothing to show the amount of the liability or the balance due. The case lacked the certainty of identification which is necessary. There was the same lack of proof in Burr v. Burr, 26 Pa. 284, where there was a request by the mother for "a little interest money on that note which I hold of thine," in response to which the son gave his mother $7.00. Nor is it like Peters v. Rothermel, 30 Pa. Superior Ct. 281, where the case turned on the question of the time when indorsements were made on the note in suit.

The second claim was allowed by the learned auditing judge "after very considerable hesitation and not without great doubt" and after a review of the evidence we are of the opinion that the claim is not sufficiently proved. The evidence relied on is that of John Blair, who testified that he owed Robert Russell a note of $200. It was originally $300 and $100 was paid. The note was not offered in evidence but it appears to have been made payable to Margaret Wilson, now Margaret Harrison. The money was obtained from Mr. Russell, however, and Mr. Blair never saw the claimant until after Mr. Russell's death. He paid Russell by work in November, 1907, between $111

and $112 to apply on the debt and in January, 1908, he paid $96.00 of principal and $8.00 of interest, which seems to have been the balance due and the note was thereupon delivered to him. There was nothing in this testimony to show that Miss Wilson ever paid anything to Mr. Russell to be loaned, or that Mr. Russell had any of her money in his hands at that time for investment. So far as appears Russell may have used the name of Miss Wilson in the note for his own purpose and without any reference to his indebtedness to her or he may have intended the obligation as a gift to her, but the note never was in her possession and there is nothing to show that she claimed any account against him. To meet this difficulty evidence of Mrs. Port was introduced to show that at the time Mr. Russell paid her the interest on the $600 note he paid to her $18.00 which he said to her was interest on $225 "that Mr. Blair had of Auntie's." Mrs. Harrison was an aunt of the witness and the reference was evidently to her. But this does not prove that Mr. Russell had in his hands at that time $225 that belonged to Mrs. Harrison. On the contrary it would indicate that Mr. Blair owed that amount at that time but his evidence is to the effect that all that he owed on the note was paid in November, 1907, except $96.00 of principal and $8.00 of interest. It will be observed that the payment to Mrs. Port was made in December, 1907, and the credit claimed by Mr. Blair was for a payment in November of that year. The evidence is not sufficient to show that at the time of Mr. Russell's death he had in his hands a definite sum due to Mrs. Harrison on account of the Blair transaction.

The decree of the orphans' court is therefore modified in respect to the allowance of $200 on account of the alleged Blair debt. This claim is disallowed and the decree as so modified is affirmed, three-fourths of the costs of the appeal to be paid by the appellant and one-fourth by the appellee.