## Scott's Estate.

Argued March 28, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Arthur B. Van Buskirk,* with him *Reed, Smith, Shaw & McClay,* for appellants.

*Howard D. Montgomery,* with him *Samuel S. Scott,* for appellee.

PER CURIAM, April 24, 1933:

The executors of the estate of John S. Wilson, deceased, appealed from a decree of the Orphans' Court of Allegheny County refusing a claim against the estate of Fred W. Scott, deceased. The demand in question was based upon a contract alleged to have been made April 9, 1919, between Scott and Wilson, by which the former agreed to purchase from the latter bonds of a street railway company of the par value of $9,500, upon terms and conditions which need not be related here. The auditing judge who heard the testimony presented in behalf of the claim was at first of the opinion the contract had been established, and accordingly awarded appellants the amount in dispute. However, after argument upon exceptions to the decree, he joined with the other members of the court in banc in sustaining exceptions as to the award to the Wilson Estate and vacating the decree of distribution so far as it pertained to the allowance of that claim.

We agree with the lower court that the evidence in this case is entirely insufficient to establish the terms of the contract in question. At the time of the audit of the account, the claim was more than eleven years old. Appellants maintain that the promise to purchase the bonds was renewed and affirmed in 1922, but the evidence pre-

sented to support this contention was not of the precise and unambiguous nature required in the circumstances. In 1926 a suit in assumpsit was begun by Wilson against Scott. The case was never put at issue and was undisposed of when Scott died on July 19, 1927; however, the summons was not issued until more than six years from the time the right of action accrued, and consequently was ineffectual to toll the running of the statute of limitations.

Moreover the testimony does not indicate with any degree of certainty that the alleged oral contract to purchase bonds was actually made. The evidence is more consistent with the theory that the terms of an agreement were discussed orally with the understanding that they would be reduced to writing. The fact that Wilson was not at the time able to make delivery of the bonds supports the contention that a written agreement was necessary to express the intention of the parties, which, when later drawn and submitted, Scott refused to sign. The present claim cannot be supported on vague and indefinite testimony of the character presented, and was properly refused.

The decree of the court below is affirmed at appellants' cost.