Nicolazzo Estate.

Argued March 19, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Milton W. Lamproplos,* with him *Philip F. Jacobus,* and *Eckert, Seamans & Cherin,* for appellant.

*Daniel W. Shoemaker,* for appellee.

OPINION BY MR. JUSTICE JONES, April 21, 1964:

This is an appeal from the allowance by the Orphans' Court of McKean County of a claim against a decedent's estate to which the estate raised the defense that such claim was barred by the statute of limitations.

The decedent, Frank Nicolazzo (Nicolazzo), died on January 31, 1953 and the appellant, Earla L. Nicolazzo, qualified as executrix of his estate. On, or shortly before, July 7, 1953, the claimant, Domenico Rizzo (Rizzo) presented his claim based on an unsealed demand note in the face amount of $2,000. This note was filed with the estate counsel by Rizzo.

The Orphans' Court of McKean County, on the petition of the executrix, appointed an auditor to hear and pass on claims filed against the estate. At the first hearing held by the auditor, on February 1, 1956, Rizzo appeared and presented his claim. The note in question was dated July 3, 1934 and, although the printed words "with interest" appeared thereon, there is no mention as to the rate of interest to be paid on the note.[1] The estate did not question Nicolazzo's signature but raised the defense that the alleged debt was barred by the statute of limitations.

To overcome such defense, Rizzo, at a second hearing held on May 8, 1957, presented the testimony of one Sam DeLeo. This testimony consisted of the witness' recital of a conversation which he overheard between

---

[1] Money loaned bears interest without any express agreement: *Borough of Port Royal v. Graham,* 84 Pa. 426, 429; *Stocker v. Hutter,* 134 Pa. 19, 19 A. 566. Cf. Uniform Commercial Code, Act of April 6, 1953, P. L. 3, §3-118(d), 12A PS §3-118: "Unless otherwise specified a provision for interest means interest at the judgment rate at the place of payment from the date of the instrument, or if it is undated from the date of issue"; also Section 17(1) of Negotiable Instrument Law, 56 PS §22 (repealed).

Nicolazzo and Rizzo in which Nicolazzo acknowledged a debt to Rizzo in the amount of $2,000. The witness also testified that, at the time of said conversation, Nicolazzo made payment to Rizzo in the sum of approximately $200, allegedly as interest on the alleged debt. This transaction to which DeLeo testified allegedly took place in June of 1952. The estate challenged the sufficiency of the evidence thus presented by the witness, DeLeo.

The auditor, in his report of March 13, 1961, allowed the claim of Rizzo and to such report the executrix filed exceptions. These exceptions were denied in a supplemental report filed by the auditor on March 28, 1961. The executrix then filed objections to the reports of the auditor. The court below filed an opinion and entered a decree dismissing the exceptions. From that decree, this appeal was taken.

Before entering into an examination of the sufficiency of the evidence presented by the claimant, it is necessary to set forth certain well-settled principles in this area of the law.

Claims against a decedent's estate can be established only by evidence which is clear, direct, precise and convincing: *Secary Estate,* 407 Pa. 162, 164, 180 A. 2d 572, 573 (1962); *Gadola Estate,* 410 Pa. 250, 252, 188 A. 2d 744, 746 (1963); *Cameron Estate,* 388 Pa. 25, 29, 130 A. 2d 173, 175 (1957). This rule applies with even greater strictness when the claim is of long standing and stale: *Landis v. Roth,* 109 Pa. 621, 624, 1 A. 49 (1885); *Scott's Estate,* 311 Pa. 145, 147, 166 A. 558 (1933). The quality of evidence required is set forth in *Gadola Estate, supra,* 410 Pa. at 252, 188 A. 2d at 746 (1963): "We have consistently held that claims against a decedent's estate are viewed with suspicion when they could and ordinarily would, if genuine, and reasonable time permitted, have been made in decedent's lifetime; and that all claims against a de-

cedent's estate must be proved by evidence which is clear, direct, precise and convincing. [citing cases]."

Appellate courts usually accept the evidentiary supported findings of an auditor or chancellor but, when the issue is whether the evidence presented was clear, direct, precise and convincing, a question of law is presented and such issue is clearly for determination by appellate courts. The appellate courts need not accept as true an auditor's conclusion as to whether the required norm or standard of proof has been met: *Stafford v. Reed*, 363 Pa. 405, 70 A. 2d 345 (1950); *Aliquippa National Bank v. Harvey*, 340 Pa. 223, 231, 232, 16 A. 2d 409, 414 (1940); *Miller's Estate*, 279 Pa. 30, 38, 123 A. 646, 649 (1924). In our view of the present case, Rizzo has not met the standard of proof required to sustain an allowance of his claim.

Our inquiry as to whether Rizzo presented evidence of the required quality must be directed to the record to determine whether the proof of record sustains a finding that there had been a sufficient acknowledgment of the debt by Nicolazzo to toll the running of the statute of limitations.[2] The sole testimony relied on by Rizzo for this purpose was that of the witness DeLeo.

The witness DeLeo was at the home of Nicolazzo on a day in June of 1952. He was unable to specify the exact day and time when he visited Nicolazzo's home. While DeLeo was visiting that home, Rizzo came there and asked Nicolazzo about "my money". At this time Nicolazzo, according to DeLeo, said that he was unable to do anything about it but said that he would give Rizzo some interest. DeLeo was unsure of

---

[2] Payment of interest on a debt will ordinarily take the debt out of the operation of the statute of limitations: *Burr v. Burr*, 26 Pa. 284 (1856); *Wright v. Jordan*, 181 Pa. 100, 37 A. 196 (1897); *Peters v. Rothermel*, 30 Pa. Superior Ct. 281 (1906); *National Bank of Fayette County v. Valentich*, 343 Pa. 132, 22 A. 2d 724 (1941).

the amount given to Rizzo, saying, "I don't know if it was more or less" than $200. Similarly, while DeLeo understood that the amount of money given to Rizzo was interest, he was not sure of this and did not know whether, if it was interest, for what period of time it was to cover—two years or four months. DeLeo in his testimony said that he understood that the payment was interest but his testimony is vague as to the period of time for which this interest was paid.

An examination of DeLeo's testimony demonstrates that in the Nicolazzo-Rizzo conversation there was no mention of any note, of the date of the alleged conversation which he overheard, of what debt the parties were discussing, of the amount of the note or any of the other particulars which would indicate that the note in issue was the topic of this alleged conversation between Nicolazzo and Rizzo. Thus to say that from such testimony there was shown a payment of interest which would imply a new promise to pay the note and thus toll the statute would be violative of the rule set forth by this Court as to the quality of proof required in claims against the decedent's estate. As we said in *Palmer v. Gillespie,* 95 Pa. 340 (1880), in regard to an acknowledgment of a debt: "A clear, distinct and unequivocal acknowledgment of a debt is sufficient to take a case out of the operation of the statute. It must be an admission consistent with a promise to pay. If so, the law will imply the promise, without its having been actually or expressly made. *There must not be uncertainty as to the particular debt to which the admission applies.*" (p. 344) (Emphasis supplied).

There is also testimony by DeLeo of a discussion, at the same time as the alleged debt acknowledgment, relative to a transaction between the two parties concerning a "beer joint". Thus, the testimony given as to the conversation between Nicolazzo and Rizzo could have been as equally directed to this transaction as to

the alleged debt on the unsealed demand note dated July 3, 1934. The degree of certainty required in matters or claims of this nature is assuredly lacking and is insufficient to sustain the allowance of the claim.

In summary, the testimony of DeLeo must be characterized as vague, general and unconvincing. He was unable to specify what debt the parties were discussing or the basis of it. He could not recall the date or the time of the conversation. He was unsure whether the payment made to the claimant by Nicolazzo was interest and, if it was, for how long a period it was to relate. This vague testimony coupled with Rizzo's acknowledgment that there were other business dealings and transactions between Nicolazzo and himself leads us to conclude that the standard of proof required to sustain the claim was not attained.

Precedent compels us to look upon claims against a decedent's estate which could have been presented while the decedent was living with just suspicion: *Mueller's Estate,* 159 Pa. 590, 28 A. 491 (1894); *Conrad's Estate,* 333 Pa. 561, 3 A. 2d 697 (1938).

Claimant has failed to prove acknowledgment of the alleged debt by clear, direct, precise and convincing evidence such as required by our decisional law when claims are brought against a decedent's estate.

Decree reversed. Each party to pay own costs.