## Rigotti v. J. C. Penney Casualty Insurance Co.

*Robert D. Barozzini*, for plaintiff.
*Paul R. Marks*, for defendant.

WETTICK, *J.*, January 21, 1980—On July 18, 1976, plaintiff was injured in an automobile accident. At the time of the accident, defendant was

plaintiff's insurance carrier. Pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, art. I, sec. 101 et seq., 40 P.S. §1009.101 et seq., defendant provided no-fault benefits for claims covering lost wages and hospital and medical bills. The last payment was made on October 11, 1976.

On January 24, 1979, plaintiff was examined by a physician who recommended additional surgery to treat a physical condition arising out of the July 18, 1976 accident. Plaintiff, claiming that he is entitled to such benefits under the No-fault Act, requested defendant to pay medical expenses and wage losses from the additional surgery. Defendant has refused to make these payments and plaintiff has instituted this action for these no-fault benefits together with attorney's fees.[1]

In its answer, defendant pleaded as new matter that this action is barred by the two-year statute of limitations of section 106(c)(1) of the No-fault Act. Presently before this court is defendant's motion for judgment on the pleadings in which it requests this court to award judgment on its behalf on the ground that this action was commenced more than two years from the date of its last payment of no-fault benefits.

For purposes of deciding defendant's motion for judgment on the pleadings we must accept as true averments in plaintiff's complaint and answer to new matter that plaintiff neither knew nor should have known that additional surgery was necessary

---

1. Under section 107(3), counsel fees may be awarded if a no-fault claim is denied without reasonable foundation.

to correct a condition arising out of the July 18, 1976 accident until the January 24, 1979 medical examination. Thus, the issue before this court is whether section 106(c)(1) of the No-fault Act bars a victim from maintaining an action to recover additional no-fault benefits later than two years after the last payment of no-fault benefits where the victim neither knew nor should have known that additional treatment would be necessary within two years from the last payment of no-fault benefits.

Section 106(c)(1) of the No-Fault Act reads as follows:

"If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant may be commenced not later than two years after the last payment of benefits."

In construing section 106(c)(1) we look to the case law construing other statutes of limitations of a seemingly mandatory nature. See 1 Pa.C.S.A. §1922(4).

The purpose of any statute of limitations is to expedite litigation in order to minimize the presentation of stale claims which may be difficult to defend by virtue of the passage of time: Insurance Company of North America v. Carnaham, 446 Pa. 48, 284 A. 2d 728 (1971). However a statute of lim-

itations is not intended to bar a claim which could not have been reasonably discovered at an earlier date: Acker v. Palena, _____ Pa. Superior Ct. _____, 393 A. 2d 1230, 1232-3 (1978). Thus despite the seemingly mandatory language of a statute of limitations, exceptions to statutes of limitations have evolved as part of our case law: Barshady v. Schlosser, 226 Pa. Superior Ct. 260, 262, 313 A. 2d 296, 298 (1973).

Over the past two decades the Pennsylvania appellate courts have repeatedly construed statutes of limitations as commencing from the time a plaintiff discovered or should have discovered the cause of harm or injury. In Ayers v. Morgan, 397 Pa. 282, 154 A. 2d 788 (1959), the Supreme Court held that the two-year personal injury statute of limitations did not bar a malpractice claim commenced nine years after an operation in which the defendant-physician left a sponge in the plaintiff's body because suit was brought within two years after plaintiff learned that this had occurred. In Med-mar, Inc. v. Dilworth, 214 Pa. Superior Ct. 402, 257 A. 2d 910 (1969), the court held that the six-year statute of limitations of the Act of March 27, 1713 did not bar an action against an architect that was commenced more than nine years following the completion of construction because if the existence of the injury cannot reasonably be ascertained within the prescribed statutory period, the limitation does not begin to run until discovery of the injury is reasonably possible.

The principles recognized in the Ayers v. Morgan and Med-mar, Inc. v. Dilworth rulings are equally applicable today. In the recent case of Acker v. Palena, supra, plaintiff on July 30, 1975 instituted a medical malpractice action against a physician who performed surgery on plaintiff's eye in

November 1972. Immediately following the surgery, plaintiff continued to have problems with her eye but averred that she had no reason to believe that her vision loss was permanent or that she had sustained any further injury during surgery until she consulted another physician on August 9, 1973. The Superior Court, overruling the lower court's dismissal of the action for failure to sue within two years from the surgery, held that plaintiff's cause of action did not begin to run until she learned of the extent and cause of her injury from consultation with the other physician. The Superior Court reversed the lower court holding that the statute of limitations began to run when plaintiff underwent surgery because "Pennsylvania courts have repeatedly construed this statute of limitations as commencing to run from the time plaintiff discovered or should reasonably have discovered the cause of harm or injury." 393 A. 2d at 1232. In reaching this result the Superior Court quoted from Walters v. Ditzler, 424 Pa. 445, 449, 227 A. 2d 833 (1967), where the Supreme Court said: "'Even where no fraud or concealment of facts may be proven, the law permits a party to bring a cause of action after the statutory period of limitations has passed where the existence of the injury is not known and where such knowledge cannot be reasonably ascertained. . . .'" Also see Armacost v. Winters, 258 Pa. Superior Ct. 424, 392 A. 2d 866 (1978), where the Superior Court ruled that an action arising out of a 1970 automobile accident was barred by the two-year statute of limitations although the action was brought shortly after a physician in 1973 rendered an opinion that the injured child's headaches were causally related to the 1970 accident only because the jury found

that plaintiffs knew or should have known within the period of the statute of the connection between the accident and the headaches.

In spite of the well-established case law construing statutes of limitations to commence from the time that a person discovered or should reasonably have discovered the cause of harm or injury, defendant argues that the language of section 106(c)(1) of the No-fault Act indicates that the legislature did not intend to extend its two-year statute of limitations for injuries that were not discovered within two years after the last payment of no-fault benefits. Defendant supports this construction of section 106(c)(1) by contrasting the language of its first sentence which requires an action to be commenced within two years "after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident" with the language of its second sentence which covers the situation in which no-fault benefits have been paid and simply states that an action for further benefits may be commenced "not later than two years after the last payment of benefits." According to defendant, the legislature expressly barred any action for additional no-fault benefits beyond two years after the last payment of benefits because it omitted the language from the preceding sentence permitting suit within two years after the victim knows or in the exercise of reasonable diligence should have known that the loss was caused by the accident.

We reject this construction of section 106(c)(1). The obvious issue which this provision addresses is whether the partial payment of a claim will toll the statute of limitations. And the legislature, adopting

the traditional rule of law that the partial payment of a debt tolls the statute of limitations (see, e.g., Nicolazzo Estate, 414 Pa. 186, 199 A. 2d 455 (1964)), provided the claimant who receives any no-fault benefits with an additional two years in which to maintain an action. The purpose of this provision is obviously to benefit the claimant; to read this provision also to lessen the limitation period is inconsistent with this purpose.

Because the language of section 106(c)(1) does not show a clear legislative intent to alter the well-established rule of construction for statutes of limitations of a seemingly mandatory nature extending the limitation period for a plaintiff who neither knew, nor should have known, of the extent and cause of an injury within the original limitation period, we apply this rule to construe section 106(c)(1). Consequently, on the basis of plaintiff's allegations that he neither knew nor should have known that additional surgery was necessary until January 24, 1979, we conclude that the action was timely filed and dismiss defendant's motion for judgment on the pleadings.[2]

## ORDER

On January 21, 1980, it is hereby ordered that defendant's motion for judgment on the pleadings is denied.

---

2. Because this action was commenced not later than four years after the accident, this court does not decide whether a motor vehicle accident victim who neither knew nor should have known of an injury within four years of the accident is barred by section 106(c)(1) of the No-fault Act from bringing an action for no-fault benefits more than four years after the accident.