## Sarah Kline, now Schroeder, Wife of H. Schroeder *v.* John D. Seidel and Augustus Weidner, Appellant.

*Statute of limitations—Novation of debt.*

Where a claim to recover a debt barred by the statute rests on the admission of the indebtedness, the acknowledgment thereof must be unqualified. The language should be so clear as to preclude hesitation as to debtor's meaning. The law will imply a promise to pay, but it is not a subject for a jury to guess at.

*Evidence—Uncertain character of admission.*

An effort to prove acknowledgment by the payment of interest by one of two obligors, by the consent and direction of the other, requires that the evidence be clearly referable to the interest actually paid and not be open to the possible construction of interest then unpaid, and which still remains unpaid.

Argued Nov. 18, 1895. Appeal, No. 21, Nov. T., 1895, by defendants, from judgment of C. P. Berks Co., Aug. T., 1894, No. 163. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Reversed.

This case came up before the court below on an appeal from a justice in favor of plaintiff for $232.70, in a suit by Sarah Kline v. John D. Seidel and Augustus Weidner, on a promissory note. The proceeds of the note were for use of Seidel, who paid the interest for some time. The suit was brought more than six years after maturity of the note. The defense of Weidner was the statute of limitations.

*Errors assigned* were, (1) refusal of nonsuit; (2, 3) charge of the court, reciting it as follows: — " In order to show that that defense is not available to him, the plaintiff in this case asks you to believe that Weidner, although the money was not paid by his hands, yet directed Seidel to pay the interest, consented to the payment of the interest on this joint note

by Seidel, and ratified these payments made by Seidel. If you believe that, gentlemen, under the evidence in this case, then Weidner is equally liable with Seidel for the amount of this note. If, in other words, he directed the payment of the interest by Seidel, consented to Seidel's paying this interest, and ratified it, agreed to it from time to time within the six years, then he is equally liable as if the interest had been paid by his own hands; and accordingly as you find that Weidner did or did not direct and assent to it and ratify the payment of this interest, so you will find either against or for him; " and (4) refusal to give binding instructions.

*Edwin Sassaman,* with him *Israel C. Becker* and *Louis A. Sassaman,* for appellant.—The conversation fails to identify the debt, and for this reason cannot take the case out of the operation of the statute of limitations : Bank v. Patton, 14 Pa. 479; Suter v. Sheeler, 22 Pa. 308; Wolsenberger v. Young, 47 Pa. 516; Palmer v. Gillespie, 95 Pa. 340; Wesner v. Stein, 97 Pa. 322; Lawson v. McCartney, 104 Pa. 356; Landis. v. Roth, 109 Pa. 621; Chapman's App., 122 Pa. 331; Lowrey v. Robinson, 141 Pa. 189; Linderman v. Pomeroy, 142 Pa. 168; Keener v. Zartman, 144 Pa. 179; Ritter's Est., 161 Pa. 81; Hartranft's Est., 153 Pa. 530; Heany v. Schwartz, 155 Pa. 154; Patterson v. Neuer, 165 Pa. 72.

The conversation does not state how much plaintiff claimed ; does not show that defendant admitted that he owed anything ; does not show that plaintiff and defendant agreed how much was due. Therefore the debt in suit cannot be revived : Suter v. Sheeler, 22 Pa. 308; Shitler v. Bremer, 23 Pa. 415; Wolsenberger v. Young, 47 Pa. 516; Johns v. Lantz, 63 Pa. 324; Miller v. Baschore, 83 Pa. 356; Landis v. Roth, 109 Pa. 621.

In conclusion, adopting the words of McCollum, J., in Patterson v. Neuer, supra, it must be said :

What the plaintiff said about her claim was " vague, shadowy and uncertain. . . . But in this conversation there was a failure to specify the amount of the debt, or furnish any basis on which the amount of it could be definitely and certainly ascertained. We think, therefore, that the plaintiff failed to show on the trial such an acknowledgment or promise as is required to remove the bar of the statute."

It furnished no basis for holding Weidner, the codefendant of Seidel, to his original liability on the note.

*John H. Rothermell*, for plaintiff, appellee.—The case must be treated as if Seidel paid the interest and Weidner assented to it: Trickett on Lim. 358; Wesner v. Stein, 97 Pa. 322; Wilson v. Waugh, 101 Pa. 233; 3 Randolph on Com. Paper, § 1629; Bank v. Ballou, 49 N. Y. 155.

OPINION BY McCARTHY, J., December 9, 1895:

In this case John D. Seidel and Augustus Weidner were the joint makers of a promissory note to Sarah Kline; it was dated April 13, 1887, and was payable one year after date. Seidel received the amount of the note and paid interest thereon for the years 1888, 1889, 1890, 1891. Weidner never paid any interest on the note. A suit was brought upon it in August, 1894, more than six years from the date of its maturity. The only question is, whether there was a sufficient acknowledgment of the debt on the part of Weidner to take it out of the Statute of Limitations.

The testimony relied upon for that purpose was that of the plaintiff below. She was uncorroborated. After stating that Seidel had paid interest on the note, she testified as follows: " Q. Now, what did Weidner say, what did he ask and what did you say? A. I said he had not paid it; he said that he should pay it, but he didn't. Q. Who should pay it? A. Seidel. Q. When was this, as near as you can tell? A. It is pretty long. Q. About how many years? A. I cannot tell exactly, it isn't two years yet. Q. If Weidner said anything to you that he told Seidel to pay the interest, what did he say? A. He said he had told Seidel that he should pay the interest."

On cross-examination, she testified as follows: " Q. You detailed a conversation a few minutes ago about the interest, give the whole conversation, what he said and what you said? A. He said to me that he had told Seidel he should pay the interest. Q. Is that all that was said? A. Yes, sir. Q. Are you sure of that? A. Yes, sir. Q. When was this conversation, when he said this, that he told Seidel? A. It is scarcely two years, in front of my house it was. Q. And that was all that was said, that which you detailed a few minutes ago?

A. Yes, sir.  Q. And that was the only conversation you had together about the interest?  A. Yes, sir.  Q. From the time that you gave Seidel the money until you brought suit?  A. Yes, sir."

The defendant Seidel testified as follows : " Q. What, if any, direction did Weidner give you to pay the interest?  A. He never said anything to me about paying interest.  Q. You talked about the note sometimes, didn't you, you and Mr. Weidner?  A. Yes, sir; Weidner once told me that this woman would like to have this money.  Q. Did he tell you to go and pay it?  A. Weidner told me the woman would like to have her money, and my recollection is, I told him I didn't have it.  Q. Weidner said you should go and pay something on the note?  A. No, sir."

The defendant Weidner testified as follows : " Q. Did you at any time have any conversation with her and say to her, ask her whether the interest was paid, and that you told Seidel he should pay it ?  A. No, sir; I never said anything of that kind.  Q. Did you, at any time, have any conversation with Seidel about the payment of the interest on this note ?  A. No, sir."

The learned judge charged the jury that, " in order to show that that defense (the Statute of Limitations) is not available to him, the plaintiff in this case asks you to believe that Weidner, although the money was not paid by his hands, yet directed Seidel to pay the interest, consented to the payment of the interest on this joint note by Seidel, and ratified these payments made by Seidel. [3]

If you believe that, gentlemen, under the evidence in this case, then Weidner is equally liable with Seidel for the amount of this note.  If, in other words, he directed the payment of the interest by Seidel, consented to Seidel's paying this interest and ratified it, agreed to it from time to time within the six years, then he is equally liable, as if the interest had been paid by his own hands.  Accordingly, as you find that Weidner did or did not direct and assent to it and ratify the payment of this interest, so you will find either against or for him."

In so charging, we think the learned judge erred.

In Burr v. Burr, 26 Pa. 284, the Supreme Court said, " the better rule undoubtedly is, that the acknowledgment must not only be clear, distinct and unequivocal of the existence of a

debt, but that it must also be plainly referable to the very debt upon which the action is based. It matters not where the uncertainty lies, whether in the acknowledgment or in the iden tification, its existence is equally fatal to the plaintiff's recovery. Take the case in hand for an illustration of the principle. There is a statutory bar to the plaintiff's cause of action; to remove the bar she relies upon a promise to pay within six years before the commencement of the suit. To sustain the promise, she neither gives evidence of an express agreement to pay, nor of a direct acknowledgment that the debt was unpaid, but from a small payment of interest a constructive acknowledgment is to be inferred, and upon this constructive acknowledgment the promise to pay is based.

"Let it be so; but let it first be shown that this payment of interest was made upon the note in suit. This is the very corner stone of the superstructure, and if it has any inherent weakness, the action cannot be supported by it, and here we are compelled to say that the evidence was too vague and uncertain to establish a partial payment of the note in question. The note was not present, nor was it referred to by date, amount, or in any manner whatever."

In that case the judgment of the court below was reversed by the Supreme Court, and judgment was entered for the defendant with costs.

In Lawson v. McCartney, 104 Pa. 356, the Supreme Court held that the acknowledgment of a debt necessary to remove the bar of the statute of limitations must be clear, distinct and unequivocal, not only as to the existence of a debt, but of the particular debt to which it is sought to be applied.

On page 359, MERCUR, C. J., says: "When a claim to recover a debt barred by the statute rests on the admission of the indebtedness, the acknowledgment thereof must be unqualified. The language should be so clear as to preclude hesitation as to the debtor's meaning."

In Landis v. Roth, 109 Pa. 621, the suit was on a note more than six years overdue. The plaintiff testified that he went to defendant and said to him, "I come for money." The defendant replied, "I will pay you $600 in thirty days on the note. I will pay you the rest as quick as I can, but you must not be too hard on me;" when he had said that, his wife said, "We

will pay you every dollar, if we have to pay you out of our pocket." Defendant then said, "Yes, we will pay you."

The Supreme Court held in that case that a promise to pay a debt barred by the statute of limitations will operate to remove the bar of the statute only when the particular debt is unequivocally identified and acknowledged by the debtor at the time of the promise. Any uncertainty either in the acknowledgment or identification of the debt is fatal, and that the evidence of a promise was insufficient to remove the bar of the statute.

On page 624, PAXSON, J., after quoting from the opinion of the Supreme Court in Palmer v. Gillespie, 95 Pa. 340, says: " The meaning of which is, that where the debt is identified beyond all doubt and distinctly acknowledged, the law will imply a promise to pay it; but it is not a subject for a jury to guess at.

In the case in hand, the debt was not sufficiently identified.

In the conversation testified to by the plaintiff, there is not a word as to the date of the note, its amount, or the balance due thereon. The note itself was not produced, and there is no evidence that the plaintiff had it with him. There is no certainty as to what debt or what note was referred to; any uncertainty either in the acknowledgment or identification of the debt is fatal: Burr v. Burr, 26 Pa. 284. In that case there was one actual payment on account, but this court held the debt was not identified."

The evidence there was as follows: " Mother says ' Can thee let me have a little interest money on that note which I hold of thine?' He said, ' How much would thee like, mother?' She said, ' Four or five dollars,' and he gave her seven. There was no evidence of the existence of any other note between the parties, yet it was held that the acknowledgment was insufficient. The present case is certainly no stronger, and as Burr v. Burr has been constantly followed to the present time, we are constrained to reverse this judgment."

In the case now before this court there is no evidence of an express promise by Weidner to pay the note. Nor is there a clear, distinct, unequivocal acknowledgment of the debt by him. Moreover, there is much uncertainty as to the identification of the note. There is nothing to show that he " directed" the

payments of interest by Seidel; that he "ratified" them, or that he agreed to the payments "from time to time within the six years." The conversation with the plaintiff took place in front of her house, at some time within two years, before the trial of the case. Assuming her testimony to be true, all that Weidner said to her was that he told Seidel that he should pay the interest. This language is not "so clear as to preclude hesitation as to the debtor's meaning." As the interest for the years 1892 and 1893 remained unpaid, it is uncertain what interest Weidner referred to. The note itself was not produced by the plaintiff, during the conversation, and there was no evidence that she had it with her. Nothing was said as to the date of the note, or as to the amount of principal or interest due thereon.

The effort is to prove an acknowledgment by the payment of interest by one obligor by the direction and with the assent of the other. The fact is sought to be established by proof that the latter said to the plaintiff that he had told his co-obligor to pay the interest. What interest? There is no evidence that the direction was clearly referable to the interest that was paid. Apparently, it related to the interest that was unpaid, and that still remains unpaid. Hence, the inference that the interest was paid by the direction of Weidner is not warranted by any testimony.

In our judgment, there was uncertainty, both as to the acknowledgment and the identification of the debt, and the jury should have been directed to find a verdict for the defendant Weidner.

Judgment reversed.